GATY, The SAM. See Case No. 12,276.

GAUGAR (GILBERT v.). See Case No. 5,412.

---

## Case No. 5,272.

### GAUGHAN v. NORTHWESTERN FERTILIZING CO.

[3 Biss. 485;[1] 12 Am. Law Reg. (N. S.) 569; 5 Chi. Leg. News, 337; 6 Am. Law T. Rep. 101; 18 Int. Rev. Rec. 162; 5 Leg. Op. 58.]

Circuit Court, N. D. Illinois. March Term, 1873.

#### REMOVAL FROM STATE COURTS.

1. The act of April 20, 1871 [17 Stat. 13], does not authorize the removal of a case from the state courts in every case in which the United States courts would have original jurisdiction.

2. Congress did not intend by the general words used to extend jurisdiction and to authorize removal, except under the circumstances specified in the several acts.

3. Doubtful jurisdiction not entertained.

This was a bill filed by John Gaughan, a property owner in the town of Hyde Park, against the defendants to restrain them from carrying on their business of manufacturing fertilizing material out of animal matter, on the ground that their works were a public nuisance, and injurious to his property and health. The bill was originally filed in the circuit court of Cook county, but removed to this court by a writ of certiorari on application of the defendants. This was a motion by the complainant to remand the case, on the ground that this court had no jurisdiction of the cause.

[In 1867, the legislature of Illinois granted to parties the right to manufacture a fertili-

zer out of the offal of animals slaughtered in the city of Chicago. [1 Priv. Laws 1867, p. 927.] The act created a corporation and authorized the location of the place of manufacture. Under this act of incorporation, the parties went on and constructed works, and commenced the manufacture of the fertilizer. The place at the time was not within the limits of the town of Hyde Park; afterwards it was included within its corporate limits, and this action was commenced in the state court on the ground that the works were a nuisance and an injury to plaintiff's property. Before that, an action was brought in this court by the present defendants against the town of Hyde Park [Case No. 10,336], the allegation being that the town, by ordinances, had interfered with the chartered rights of the company under this act of the legislature.][2]

Beckwith, Ayer & Kales, and Bentley, Swett & Quigg, for complainant.

Hitchcock, Dupee & Evarts, and Sidney Smith, for defendants.

DRUMMOND, Circuit Judge. [There were two questions presented in the argument. One was whether this court had the right to maintain the bill filed here by the corporation called the Northwestern Fertilizing Company. The views of the court were presented upon that question [Case No. 10,336], and I was inclined to hold that, under the first section of the act of the 20th April, 1871 (17 Stat. 13), the court had original jurisdiction of the case, on the ground that there was a right claimed by the corporation and secured to it under the constitution of the United States, and there was an attempt on the part of the town of Hyde Park to interfere with a right thus claimed and protected. The other question, whether the company had the right to transfer the case pending in the state court to this court under the certiorari that was issued, was argued yesterday, and that question I will proceed to answer at this time.][2]

After the best consideration I have been able to give the subject. I am not satisfied that the court has jurisdiction. And I think in all such cases the court ought not to take jurisdiction. The ground upon which it is claimed that the case can be transferred is certainly a plausible one. It is this: That the first section of the act of April 20, 1871 [supra], declares, "that such proceedings were to be prosecuted in the several district or circuit courts of the United States, with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts, under the provisions of the act of the 9th of April, 1866, entitled, 'An act to protect all persons in the United States in their civil rights, and to furnish the means of their vindication;' and the other remedial laws

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [From 12 Am. Law Reg. (N. S.) 569.]

·of the United States, which are in their nature applicable in such cases." Now, the position on the part of the counsel who claim that the court has jurisdiction to remove this case by certiorari, is, as I understand it, (and it comes to that,) that, wherever the court has original jurisdiction, it can transfer a case from the state to the federal court under this language of the act of April ·20, 1871: "Other remedies provided in like cases in such courts and the other remedial laws of the United States which are in their nature applicable in such cases." If that is the true construction of this statute, then, ·of course, the court would have jurisdiction to issue a certiorari and to take cognizance of the case. But I am not satisfied that is the true construction, and it seems to me it would be going further than any court has yet gone to construe such general language as this so as to include within its scope every case where a question would arise under the constitution of the United States. As was stated the other day, numerous questions have arisen affecting rights under the constitution of the United States, where parties seeking their remedy have been obliged to seek it through the forum ·of the state courts, and so on up to the supreme court of the United States, under the twenty-fifth section of the act of 1789, and other legislation since.

It is necessary to consider what these previous statutes are—"other remedies provided in like cases." It refers particularly to the act of 1866 (14 Stat. 27). That act refers to the act of 1863 (12 Stat. 755). It is under the acts of 1833, 1863, 1866, and 1871, as I understand, that the claim is set up, that a fair construction of this act of April 20, 1871, will include within its scope all the cases, so as to authorize a transfer where it gives original jurisdiction to the district or the·circuit court. While the argument is not without force, I cannot yield my convicion entirely to it. I will state very briefly some reasons why I cannot. If we look to the legislation of congress in relation to the cases which might be removed from the state to the federal courts, we see that, in all cases where a removal has been authorized, the circumstances under which it is to take place are specifically set forth. It is so under the ·act of 1833 (4 Stat. 632) the language of the second section of which is: "The jurisdiction ·of the circuit courts of the United States shall extend to all cases in law or equity arising under the revenue laws of the United States, for which other provisions are not already made by law." But the third section declares under what particular circumstances a case was to be removed from the state to the federal court: "In any case where suit or prosecution shall be commenced in a court ·of any state against any officer or other person for or on account of any act done under the revenue laws of the United States, or under color thereof, for or on account of any right, authority, or title set up or claimed by such officer, it shall be lawful for the," etc, —setting up in precise language under what circumstances the case was to be removed. And the third section is substantially copied into the sixteenth section of the act of February 28, 1871 (16 Stat. 433)—mutatis mutandis —simply changing the words in some particular instances. The language of that section is: "In any case where suit or prosecution, civil or criminal, shall be commenced in a court of any state against any officer of the United States, or other person, for or on account of any act done under the provisions of this act, or under color thereof, for or on account of any right, authority, or title set up or claimed by such officer or other person under any of said provisions," it shall be lawful to transfer, setting forth specifically, just like the act of 1833, the circumstances under which the transfer could be made. The fifth section of the act of 1863 is also specific: "If any suit or prosecution, civil or criminal, has been or shall be commenced in any state court against any officer, civil or military, or against any other person, for any arrest or imprisonment made, or other trespass, or wrongs done or committed, or any act omitted to be done at any time during the present rebellion by virtue of, or under color of authority or direction from and exercised by or under the president of the United States, or of any act of congress, he shall, at the time of entering his appearance in such court," have the right to transfer the case—showing the circumstances under which it can· be transferred. The first section of the act of 1866 declares that "all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be citizens of the United States, and such citizens, of every race and color, without regard to any previous condition of slavery or involuntary servitude, except as a punishment for crime whereof the parties shall have been duly convicted, shall have the same right in every state and territory in the United States to make and enforce contracts, to sue and be sued, to give evidence," etc. The third section declares that if certain circumstances occur where rights are affected by a proceeding in a state court, then the party shall have the right to transfer the case to the federal court. The language of the third section is quite peculiar: "That the district courts of the United States, within their respective districts, shall have, exclusive of the courts of the several states, cognizance of all crimes and offenses committed against the provisions of this act; * * * and if any suit or prosecution, civil or criminal, has been or shall be commenced in any state court against any such person for any cause whatsoever." Here is language more general than in any other statute, either before or after. Now, it could not be maintained that by this act of congress every person whose rights were affected could

transfer a case from the state to the federal court, simply because the language of the first section includes "all persons born in the United States." It certainly could not have been the intention of this section to give the federal courts jurisdiction of rights affecting any and all persons who were born in the United States. But it means, I apprehend, the persons referred to in the previous part of the section—who are denied or cannot enforce in the courts or judicial tribunals of the state or locality where they may be, any rights secured to them by the first section of the act. ["If any such suit or prosecution, civil or criminal,' has been, or shall be, commenced against any such person, for any cause whatsoever,"—it must mean the persons who cannot have their rights enforced in the judicial tribunals of the state; and the section proceeds in the usual way in which all these laws do: "or against any officer, civil or military, or any person for any arrest, or imprisonment, or trespass or wrongs done," &c., "he shall have the right to remove the case."] [3] Now, this being the language of the various statutes upon the subject, thus setting out in a particular manner every contingency, which must concur in order to authorize the transfer of a case from the state to the federal court, is it to be supposed that congress intended, in this act of the 20th of April, 1871, by such general language (varying therein the rule which had always been adopted in previous legislation) to authorize the transfer? All these statutes give generally the rights, just as this law, and declare that the courts of the United States shall have jurisdiction; but they do not, on that account, declare that, in all such cases, they may be removed from the state to the federal court. They specify the circumstances which must exist in order to authorize the removal, and it seems to me the argument is very strong—so strong that I do not feel inclined to take jurisdiction of the case—as they have been specific in every other case they did not intend by this general language to authorize the removal of a case from the state to the federal court. It is not pretended that the right set up here is within the language of any one of the statutes authorizing the transfer. As I have said, we must take the ground that, in every case where this statute gives original jurisdiction, it was the intention that the case might be transferred. This is a right set up under the authority of the state—a charter created by the state. It may be when, by the charter, the corporation is clothed with certain rights, that then the constitution of the United States throws its protecting arm around those rights, and declares that they shall not be affected by subsequent legislation of the states; that the charter, for certain purposes, is in the nature of a contract, and that it cannot be impaired by subsequent legislation. That is the right which is set up; and it is claimed that where a party is sued in the state court, if this right is thus set up, the case can be transferred. I have thought, and for the purposes of the motion so held [Case No. 10,336], that the language of the first section of the act of April 20, 1871, was express in giving the court original jurisdiction, and that the only question was whether the fact that it was a corporation deprived it of the power to come into the federal court. I held that it did not; that if it was the case of an individual whose rights were affected it could come into the federal court, and that it did not lose that right because it was a corporation. But I am asked to go further, and hold that, in all these cases, wherever there is original jurisdiction, the case can be transferred, and that upon a particular showing it must be transferred, because the language of the various acts of congress is whenever the contingencies have occurred provided therein it shall be the duty of the state court to proceed no further in the cause, and it has been held that all acts subsequently done by the state court are simply void, and that the parties may disregard them. This is the view I take of the question. I admit it is one of importance. The other question is not free from difficulty, but I have felt inclined to sustain the jurisdiction in that case. The inclination of my mind is against it in this case, and I am willing to make an order remanding the case to the state court, and give the parties, if they so desire, an opportunity of testing the question before the supreme court of the United States, which they will have the right to do at once.

Case remanded.